The Boston Housing Authority (BHA) provides housing assistance to Annie Griffin, a participant in the United States Department of Housing and Urban Development (HUD) Housing Choice Voucher (Section 8) program. In January, 2015, the BHA proposed to terminate Griffin's housing subsidy based on three alleged violations of her Section 8 "family obligations." Following a grievance hearing on June 15, 2015, a hearing officer authorized the termination on two grounds.
 
 [2]
 
 On certiorari review, a Housing Court judge upheld the decision.
 
 [3]
 
 See G. L. c. 249, § 4. Because we conclude that substantial legal error adversely affected Griffin's material rights, we vacate the judgment. See
 
 Figgs
 
 v.
 
 Boston Hous. Authy
 
 .,
 
 469 Mass. 354
 
 , 361-362 (2014).
 

 At an informal hearing, the hearing officer first determines, as a factual matter, whether the participant violated her "family obligations."
 
 [4]
 
 If such a finding is made, as it was in this case, the hearing officer next determines whether a sanction short of termination is warranted. At this second step, the hearing officer is required to "take into consideration all relevant circumstances and any mitigating circumstances presented by the Participant." BHA Section 8 Administrative Plan § 13.7.5(j). See
 
 24 C.F.R. § 982.552
 
 (c)(2)(i) (2017) ;
 
 Carter
 
 v.
 
 Lynn Hous. Authy
 
 .,
 
 450 Mass. 626
 
 , 634 (2008). Because due process protections attach to these proceedings, the participant is entitled to a written decision explaining the evaluation of the mitigation factors and findings of fact on "all relevant circumstances."
 
 24 C.F.R. § 982.552
 
 (c)(2)(i). See
 
 Figgs
 
 v.
 
 Boston Hous. Authy
 
 .,
 
 supra
 
 at 356 n.3;
 
 Wojcik
 
 v.
 
 Lynn Hous. Authy
 
 .,
 
 66 Mass. App. Ct. 103
 
 , 112 (2006). In this case, the hearing officer's decision did not comport with these principles of law for three reasons.
 

 First, the decision of the hearing officer established that he improperly conflated the two parts of the analysis. Griffin testified that she had no involvement in the armed robbery and no knowledge of the ammunition and rifle scope found in her apartment. As the fact finder, the hearing officer was entitled to reject Griffin's defense. See
 
 Seales
 
 v.
 
 Boston Hous. Authy
 
 .,
 
 88 Mass. App. Ct. 643
 
 , 646 (2015). However, once he found that she committed the violations, he should not have rejected all potentially mitigating factors from consideration.
 
 [5]
 
 This sole focus on culpability was contrary not only to Massachusetts case law, but also to HUD policy. See
 
 Boston Hous. Authy
 
 . v.
 
 Garcia
 
 ,
 
 449 Mass. 727
 
 , 735-736 & n.14 (2007) ;
 
 Carter
 
 v.
 
 Lynn Hous. Authy
 
 .,
 
 supra
 
 at 638 n.20.
 

 Second, some of the hearing officer's reasoning shows that he placed an unfair burden of production on Griffin, a pro se litigant at the time.
 
 [6]
 
 If the hearing officer intended to find that future violations by Griffin
 
 were
 
 likely, that conclusion was not supported by substantial evidence in this record.
 
 [7]
 

 Third, although the hearing officer summarized some of the mitigating circumstances, he improperly omitted from his decision any mention of relevant evidence provided by Griffin in support of her request for a lesser sanction.
 
 [8]
 
 This constituted legal error. See
 
 Carter
 
 v.
 
 Lynn Hous. Authy
 
 .,
 
 supra
 
 at 636.
 

 The hearing officer had broad discretion to decide an appropriate remedy for what we agree were serious program violations. As a result of the absence of findings here, we cannot discern from the decision how, if at all, the hearing officer exercised his discretion with respect to all the relevant circumstances. See
 
 Costa
 
 v.
 
 Fall River Hous. Authy
 
 .,
 
 453 Mass. 614
 
 , 632 (2009), quoting from
 
 Carter
 
 v.
 
 Lynn Hous. Authy
 
 .,
 
 450 Mass. at
 
 636-637 n.16 (without adequate record that includes carefully drafted findings, "no reviewing court can determine whether a hearing officer has fulfilled his statutory or regulatory obligations").
 

 A new informal hearing conducted in accordance with due process principles is required. The judgment in favor of the BHA is vacated. A new judgment shall enter remanding the matter to the BHA for further proceedings consistent with this memorandum and order.
 

 So ordered
 
 .
 

 Vacated and remanded.
 

 The BHA's proposed termination arose from Griffin's alleged participation in an armed robbery and the discovery by police of ammunition and a rifle scope in her apartment. The hearing officer concluded that Griffin engaged in violent criminal activity and committed a serious or repeated violation of the lease. See
 
 24 C.F.R. § 982.551
 
 (e), (l) (2017) ; BHA Section 8 Administrative Plan § 13.5.2(d), (k); BHA Model Lease § 10(a).
 

 In an earlier appeal in this case, we affirmed an order issued by the same judge that required the BHA to continue paying the subsidy pending the result of this appeal. See
 
 Griffin
 
 v.
 
 Boston Hous. Authy
 
 .,
 
 92 Mass. App. Ct. 1102
 
 (2017).
 

 In order to participate in the Section 8 program, the family must agree to comply with thirteen different "family obligations," which include such requirements as supplying required information to the BHA upon request, maintaining housing quality standards, providing notice to the BHA of lease termination or eviction, and, relevant to this appeal, refraining from engaging in certain criminal activity. A violation of any obligation may result in the termination of assistance.
 

 The hearing officer stated that the "[f]ailure to uphold termination based on the mitigating circumstances in this case would be tantamount to accepting Tenant's defense without any evidence to support it and thereby find her wholly free of responsibility for what the reliable evidence shows occurred."
 

 In justifying his failure to mitigate the proposed termination, the hearing officer offered this vague statement: "There [we]re no objective facts to rely on to show that future violations are unlikely to occur."
 

 As the hearing officer noted, Griffin testified that she had participated in the Section 8 program without incident for seven years. She further testified that this was the "first time ever being in any ... type of trouble." There was no evidence of any trouble or other violations committed by Griffin before or after the alleged violations at issue in this litigation. It was also undisputed that Griffin's landlord has never sought to evict her. See
 
 Lowell Hous. Authy
 
 . v.
 
 Melendez
 
 ,
 
 449 Mass. 34
 
 , 35, 39 (2007) (court may properly consider defendant's postjudgment conduct when determining whether eviction was proper).
 

 For example, Griffin testified that she could not afford market rent, and that if she lost her subsidy, she and her disabled son would "be out on the street."